<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                    :
MISTER SOFTEE, INC.                 :
                                    :
            Plaintiff,              :
                                    :   Civ. No. 10-3427 (GEB)
      v.                            :
                                    :   **MEMORANDUM OPINION**
DAVID RIVERA AND                    :
MONICA RIVERA,                      :
                                    :
            Defendants.             :
_____ :

**<u>BROWN, Chief Judge</u>**

     This matter comes before the Court upon the motion of Plaintiff Mister Softee, Inc. ("Mister Softee") for: (1) default judgment; (2) a permanent injunction; and (3) an award of attorney's fees against Defendants David and Monica Rivera (collectively the "Riveras"). (Doc. No. 25). The Riveras have not opposed Mister Softee's present motion, and in fact, have neither entered an appearance nor responded to any filing in this case. The Court has considered Mister Softee's foregoing motion without oral argument pursuant to Federal Rule of Civil Procedure 78. Having done so, the Court will grant Mister Softee's motion in its entirety.

**I.    BACKGROUND**

     The Court has addressed the issues presented by this case several times on the record, and for the sake of economy, will not do so again in detail. (Doc. Nos. 14, 22) Stated simply, on August 27, 2010, the Court conducted a hearing that addressed both Mister Softee's application for a preliminary injunction against the Riveras and the Court's subsequently filed order to show cause. (Doc. No. 14) The Riveras did not appear at the August 27 hearing, and the Court

concluded on the record that Mister Softee had satisfied the applicable standard for the issuance of a preliminary injunction. (*Id.*) In light of that, the Court granted Mister Softee a preliminary injunction against the Riveras on August 27, 2010, and as relevant here, enjoined the Riveras from operating ice-cream trucks that improperly bore Mister Softee trademarks. (Doc. No. 15)

Thereafter, on October 20, 2010, Mister Softee filed a motion to hold the Riveras in contempt of the Court's August 27 order. (Doc. No. 17) In support of that motion, Mister Softee provided evidence that the Riveras had been adequately served notice of the Court's August 27 order, but that the Riveras' subsequent conduct violated that order. On November 15, 2010, the Court conducted a hearing that addressed Mister Softee's motion to hold the Riveras in contempt. (Doc. No. 22) The Riveras did not appear at the November 15 hearing, and the Court concluded on the record that the Riveras were in contempt of the Court's August 27 order. (*Id.*) As a result, in an order issued on November 15, 2010, the Court held the Riveras in contempt, and also granted Mister Softee reasonable attorney's fees. (Doc. No. 21)

On November 22, 2010, Mister Softee filed a motion for entry of default, which the Court granted on January 24, 2011. (Doc. Nos. 23, 24) Accordingly, the Clerk of the Court entered default against the Riveras on January 26, 2011. Thereafter, on March 1, 2011, Mister Softee filed the present motion for: (1) default judgment; (2) a permanent injunction; and (3) an award of attorney's fees against the Riveras. As noted, the Riveras have not opposed Mister Softee's present motion, and in fact, have neither entered an appearance nor responded to any filing in this case.

**II.  DISCUSSION**

Before entering default judgment, the Court "must make explicit factual findings as to:

(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady*, 250 F.R.D. at 177 (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) ("we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment")). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." *Id.* (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984)).

Applying that standard here, the Court concludes that default judgment against the Riveras is indisputably appropriate because: (1) the Riveras have not entered an appearance in this case, despite notice, and therefore have not proffered a defense; (2) Mister Softee has suffered prejudice; and (2) the Riveras appear culpable. As such, the Court will grant default judgment against the Riveras. Further, for the reasons previously stated by the Court on the record in this case, it appears that Mister Softee's present requests for a permanent injunction and an award of attorney's fees and costs related to this matter are appropriate. With regard to the latter, the Court has reviewed the documentation submitted by Mister Softee's counsel in support of the requested attorney's fees award. Having done so, the Court concludes that Mister Softee's requested attorney's fees award is both reasonable and sufficiently documented. Therefore, it will be granted.

### III. CONCLUSION

For the foregoing reasons, Mister Softee's motion for: (1) default judgment; (2) a permanent injunction; and (3) an award of attorney's fees against the Riveras will be

GRANTED.  (Doc. No. 25)  An appropriate form of order accompanies this memorandum opinion.

Dated: April 6, 2011

                                                /s/ Garrett E. Brown, Jr.
                                       GARRETT E. BROWN, JR., U.S.D.J.